IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 23 2019
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN RE VICKI LEE PRUITT JOHNSON, §
§
Relator, §
§
VS. § NO. 4:19-CV-452-A
§
JUDGE STEVE KING, ET AL., §
§
Respondents. §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendants Judge Steve King, Heather Beyer, Mark Sullivan, and Jennifer Ramos (collectively "movants") to dismiss. Plaintiff, Vicki Lee Pruitt Johnson, has failed to respond to the motion, which is ripe for ruling.[1] The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted. The court further finds that all of plaintiff's claims should be dismissed for lack of jurisdiction.

I.

Plaintiff's Claims

On June 6, 2019, plaintiff, calling herself "relator," filed a motion for extension of time to file writ of mandamus and

---

[1] The clerk has captioned this action as plaintiff styled it in her filings.

memorandum in support. Doc.[2] 1. On June 11, 2019, she submitted documents captioned for filing in the Supreme Court of Texas titled "Petition for Review," Doc. 6, and "Motion for Rehearing and En Banc Reconsideration from the Denial of the Petition for Review." Doc. 7. And, on June 17, 2019, plaintiff filed a document titled "Affidavit 28 U.S.C. § 1746," Doc. 8, stating that she had served the foregoing items, along with a copy of the court's standing order and a request for waiver of summons, upon respondents, reflected in the caption to be "Judge Steve King, Heather Beyer, Mark Sullivan, Judge R.H. Wallace, Jr., Jennifer Ramos, John Johnson, Atty/Arb., Joel Johnson, Judy Fowler Atty's of Record: Ross Griffith-Guardian Ad Litem, Cary Schroeder-Guardian/Administrator, James Holliday-Atty. Ad Litem, Dyann McCully-Atty/Arb., John Dowdy-Atty. John Johnson, William Ridgway-Atty for Joel Johnson." [These persons are hereinafter referred to as "defendants."]

From all appearances, the documents filed by plaintiff ask the court to order the Supreme Court of Texas to reinstate and reconsider a petition for review she filed that had been dismissed or to reconsider all of the underlying state court proceedings and grant judgment in plaintiff's favor. The matter

---

[2]The "Doc. __" reference is to the number of the item on the docket in this action.

concerns probate proceedings initiated in the Probate Court No. 1 of Tarrant County, Texas, wherein three of the movants were the presiding judge, the court coordinator, the court administrator, respectively, and another action regarding property of the probate estate filed in the 96th Judicial District Court of Tarrant County, where the fourth movant is the court coordinator. The remaining defendants are the presiding judge of the 96th Judicial District Court, three beneficiaries of the probate estate, and various attorneys involved in the proceedings in the probate and district courts.

II.

Grounds of the Motion

Movants urge twelve grounds in support of their motion to dismiss. The court need not consider all of them as it is plain that the court lacks jurisdiction over this action. In addition, plaintiff has failed to state any plausible claim against any defendant for which this court can grant relief.

III.

Applicable Legal Principles

A. Subject Matter Jurisdiction

Dismissal of a case is proper under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the court lacks the statutory or constitutional power to adjudicate the case. Home

Builders Ass'n of Miss., Inc. v. City of Madison, Miss., 143 F.3d 1006, 1010 (5th Cir. 1998). When considering a motion to dismiss for lack of subject matter jurisdiction, the court construes the allegations of the complaint favorably to the pleader. Spector v. L Q Motor Inns, Inc., 517 F.2d 278, 281 (5th Cir. 1975). However, the court is not limited to a consideration of the allegations of the complaint in deciding whether subject matter jurisdiction exists. Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981). The court may consider conflicting evidence and decide for itself the factual issues that determine jurisdiction. Id. Because of the limited nature of federal court jurisdiction, there is a presumption against its existence. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978); McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). A party who seeks to invoke federal court jurisdiction has the burden to demonstrate that subject matter jurisdiction exists. McNutt, 298 U.S. at 189; Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001).

B.  Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites. Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

III.

Analysis

Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999). When subject matter jurisdiction is challenged, the burden is on the plaintiff to establish jurisdiction. Kokkonen, 511 U.S. at 377. Here, plaintiff has made no attempt to meet her burden, but would not be able to so in any event.

The federal mandamus statute provides:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. The statute does not authorize the court to compel state or county officials and employees or persons other than those identified therein to act. Guillory v. Easter, No. 3:19-CV-434-C-BN, 2019 WL 1332218, at *1 (N.D. Tex. Mar. 5, 2019), report and recommendation adopted, 2019 WL 1331034 (N.D. Tex. Mar. 25, 2019); Moore v. 204th Dist. Court, No. 3:08-CV-2281-D, 2009 Wl 3150983, at *3 (N.D. Tex. Sept. 29, 2009). Because plaintiff's sole request is for mandamus relief, the court lacks jurisdiction over this action and plaintiff's claims

must be dismissed.[3] Hicks v. Brysch, 989 F. Supp. 797, 811 (W.D. Tex. 1997).

To the extent the papers filed by plaintiff could be interpreted to seek other relief, such relief would be barred by the probate exception to federal jurisdiction. Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). The probate or annulment of wills and the administration of a decedent's estate is reserved to state probate courts. Id.; Curtis v. Brunsting, 704 F.3d 406, 409 (5th Cir. 2013). In this case, plaintiff says that a May 15, 2009 will, already admitted to probate by the Probate Court No. 1 of Tarrant County, Texas, should be annulled.

The court further notes that the Rooker-Feldman doctrine directs that federal courts lack jurisdiction to entertain collateral attacks on state judgments. Riley v. La. State Bar Ass'n, 214 F. App'x 456, 458 (5th Cir. 2007); Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994). Here, plaintiff attacks state court judgments and, in essence, seeks a re-do of matters previously concluded.

Because the matter of jurisdiction may be raised by the court on its own at any time, MGG, Inc. v. Great W. Energy Corp.,

---

[3] Where the plaintiff asks that a federal court direct state officials to act in a certain manner, the federal action is properly dismissed as frivolous. Guillory v. Easter, No. 3:19-CV-434-C-BN, 2019 WL 1332218, at *2 (N.D. Tex. Mar. 5, 2019), report and recommendation adopted, 2019 WL 1331034 (N.D Tex. Mar. 25, 2019).

896 F.2d 170, 173 (5th Cir. 1990), the court is dismissing all of the claims asserted by plaintiff even though not all of the defendants have yet appeared (or even been served). Plaintiff has not asserted any claims over which the court has jurisdiction.

IV.

Order

The court ORDERS that movants' motion to dismiss be, and is hereby, granted, and plaintiff's claims in this action be, and are hereby, dismissed for lack of jurisdiction.

SIGNED July 23, 2019.

_____
JOHN McBRYDE
United States District Judge