IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



IN RE VICKI LEE PRUITT JOHNSON, §
§
      Relator, §
§
VS. § NO. 4:19-CV-452-A
§
JUDGE STEVE KING, ET AL., §
§
      Respondents. §

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiff, Vicki Lee Pruitt Johnson, for leave to file a first amendment and supplement to the original complaint. Having considered the motion and applicable authorities, the court finds the motion should be denied.

I.

### Background

Plaintiff filed a series of documents with the court between June 6 and 17, 2019. Doc.[1] 1; Doc. 2; Doc. 6; Doc. 7; Doc. 8. Taken as a whole, plaintiff's filings asked the court to order the Supreme Court of Texas to reconsider a dismissed petition for review or to reconsider all the underlying state court proceedings itself. Id. On June 26, 2019, Defendants Judge Steve

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

King, Mark Sullivan, Heather Beyer, and Jennifer Ramos filed a motion to dismiss. Doc. 9. Plaintiff failed to respond.

In its memorandum opinion and order dated July 23, 2019, the court found that it lacks jurisdiction over this action. Doc. 13. The court issued its final judgment on this matter that same date, dismissing plaintiff's claims against all defendants for lack of jurisdiction. Doc. 14.

On August 20, 2019, Plaintiff filed the motion in question. Doc. 18. In this motion, plaintiff states that she is entitled to leave to amend her complaint under Rule 15(a)(2) of the Federal Rules of Civil Procedure. Id.

II.

Applicable Legal Principles

Rule 15(a)(2) provides that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a]lthough Rule 15(a) evinces a bias in favor of granting leave to amend, a grant of leave is not automatic." Matter of Lindsey, 733 Fed. App'x. 190, 193 (5th Cir. 2018) (internal quotations and citations omitted). "Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." Marucci Sports, L.L.C. v. National Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir. 2014) (citing Briggs v. Miss., 331 F.3d 499, 508 (5th Cir. 2005).

III.

## Analysis

Plaintiff's motion to amend should be denied because any amendment she makes will be futile. As the court stated in its July 23, 2019 memorandum opinion and order, plaintiff's filings failed to assert any claims over which the court has jurisdiction. Doc. 13. No amendment could convey jurisdiction to the court. Federal courts are courts of limited jurisdiction and, absent jurisdiction conferred by statute or the United States Constitution, are without power to adjudicate claims. Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (1994).

First, plaintiff seeks mandamus relief. Under the federal mandamus statute, district courts only have jurisdiction to compel action from federal officers and employees, not their state counterparts. 28 U.S.C. § 1361; Guillory v. Easter, No. 3:19-CV-434-C-BN, 2019 WL 1332218, at *1 (N.D. Tex. Mar. 5, 2019), report and recommendation adopted, 2019 WL 1331034 (N.D. Tex. Mar. 25, 2019). No amendment will change the fact that plaintiff is asking the court to impermissibly order state employees and officials to perform certain duties.

Second, the probate exception to federal jurisdiction bars plaintiff's requested relief. Marshall v. Marshall, 547 U.S. 293, 311-12 (2006). The probate or annulment of wills and the

administration of estates are reserved to state probate courts. Id. at 311. No amendment will give the court jurisdiction to annul the decedent's will.

Third, the court lacks jurisdiction to entertain collateral attacks on state judgments under the Rooker-Feldman doctrine. Riley v. La. State Bar Ass'n, 214 F. App'x 456, 458 (5th Cir. 2007). "State courts should resolve constitutional questions arising from state proceedings," and only the United States Supreme Court may provide recourse on the federal level. Id. No amendment will allow the court to consider plaintiff's collateral attacks on state court judgments.

IV.

ORDER

Because amendment would be futile, the court finds that plaintiff's request to file an amended complaint should be denied. Therefore,

The court ORDERS that plaintiff's motion for leave of court to file first amendment and supplement to the original complaint be, and is hereby, denied.

SIGNED August 22, 2019.

_____
JOHN McBRYDE
United States District Judge

4